UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ADVANCE MAGAZINE PUBLISHERS INC.
D/B/A CONDE NAST,

 *Plaintiff*,

v.             Case No. 1:21-cv-23322-FAM

ZHEJIANG XIBIN IMPORT AND EXPORT
CO., LTD *et al.,*

 *Defendants*.

_____

## **MOTION TO DISMISS**

Now come Defendants ALEJANDRO GUERRERO ("Guerrero"), STEPHENIA LIMA ("Lima"), SHAHPOUR DALIRIAN ("Dalrian"), YANET BARKLEY ("Barkley," and together with Guerrero, Lima, and Dalrian, the "Individual Defendants"), XIMIVOGUE USA FRANCHISING, LLC. ("XimiVogue USA Franchising"), XIMI VOGUE FLORIDA, LLC., XIMIVOGUE BAL HARBOUR LLC., XIMIVOGUE BAYSIDE, LLC., XIMIVOGUE PEMBROKE LLC., XIMIVOGUE WESTLAND LLC., XIMI VOGUE PLAZA DEL SOL, LLC., XIMIVOGUE, LLC, XIMIVOGUE FLORIDA BROWARD, LLC., XIMI FLORIDA 001, LLC., XIMI FLORIDA 002, LLC., XIMI FLORIDA 003, LLC., XIMI FLORIDA 004, LLC., XIMI FLORIDA 005, LLC., XIMI CALIFORNIA 001, LLC., (Collectively, the "Ximi Franchisees," and together with the Individual Defendants and XimiVogue USA Franchising, "Movants"), by and through undersigned counsel, and submit this, their Motion to Dismiss the Complaint as against them pursuant to Fed. R. Civ. P. 12(b)(6), and state as follows:

1

## INTRODUCTION

While Conde Nast's Complaint is lengthy and visually imposing, under closer scrutiny it reveals itself as a mere collection of overbroad, vague, and poorly investigated allegations, many of which are made on "information and belief" and are not facially plausible, followed by a laundry list of the bare legal elements of a series of claims. Because the Complaint is insufficient to inform Movants of the factual basis of any cause of action which may be asserted against them as required by Fed. R. Civ. P. 8(a), and fails to properly allege any cause of action, it must be dismissed as against Movants pursuant to Rule 12(b)(6).

## FACTS

On September 14, 2021, Plaintiff Advance Magazine Publishers Inc. d/b/a/ Conde Nast ("Conde Nast") filed a ten-count Complaint against the Individual Defendants, XimiVogue USA Franchising, the Ximi Franchisees, and several Co-Defendants including Zhejiang Xibin Import and Export Co., Ltd. ("Master Franchisor"). Each of the first nine counts of the Complaint is asserted against all Defendants, consisting of Count I, Federal Trademark Infringement under Lanham Act § 32(1); Count II, Federal Unfair Competition under Lanham Act §43(a); Count III, False Association and False Designation of Origin under Lanham Act §43(a); Count IV, Dilution under Lanham Act §43(c); Count V, Florida Common Law Trademark Infringement; Count VI, Florida Trademark and Service Mark Dilution; Count VII, Violation of the Florida Deceptive and Unfair Trade Practices Act (FDUTPA); Count VIII, Florida Unfair Competition; Count IX, Florida Civil Conspiracy. The tenth count, "Contributory Trademark Infringement Unfair Competition, False Association and False Designation, Dilution, and Deceptive and Unfair Trade Practices Under the Lanham Act and Florida Statutory and Common Law," is asserted against only the Master Franchisor, XimiVogue USA Franchising, and the Individual Defendants.

The Complaint alleges that Conde Nast is the owner and user of common law and registered trademark rights in several trademarks and stylized marks consisting of or containing the word "Vogue" (the "Vogue Mark"). Compl. ¶¶14-30. It alleges generally that all Defendants have been using the terms "XIMI VOGUE" and "XIMIVOGUE" (the "XimiVogue Mark") in interstate commerce, (Compl. ¶31), and that all Defendants "jointly own and/or operate a 'fast fashion' franchise business" under the XimiVogue Mark in the United States. (Compl. ¶32) (Hereinafter, the "XimiVogue Franchise"). It alleges that the Master Franchisor, a Chinese company, contracts with "agents and franchisees" to offer for sale and sell the alleged right to open stores and sell products and services under the XimiVogue Mark. (Compl. ¶¶2, 43). It further alleges that XimiVogue USA Franchising entered into agreements with the Master Franchisor "to act as its agent" to operate the XimiVogue Franchise in the United States. (Compl. ¶44). It alleges that the Ximi Franchisees entered into agreements with the Master Franchisor and XimiVogue USA Franchising to operate, and have been operating, XimiVogue Franchise stores in the United States. (Compl. ¶¶45-46). It alleges that the Individual Defendants "own, operate and manage" XimiVogue USA Franchising, and that Guerrero, Lima, and/or Dalrian own, operate and manage several Ximi Franchisees. (Compl. ¶¶48-49).

## LAW AND ARGUMENT

### I. Standard of Decision

Under Rule 12(b)(6), a court may dismiss a claim for failure to state a claim upon which relief can be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory statements, assertions, or labels will not survive a Rule 12(b)(6) motion to

3

dismiss. *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also Edwards v. Prime, Inc.*, 602 F.3d 1276, 1291 (11th Cir. 2010) (setting forth the plausibility standard). "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Twombly*, 550 U.S. at 555 (citation omitted). Additionally:

> Although it must accept well-pled facts as true, the court is not required to accept a plaintiff's legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, we make reasonable inferences in Plaintiff's favor, "but we are not required to draw plaintiff's inference." *Aldana v. Del Monte Fresh Produce, N.A., Inc.*, 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. *Id.*; *see also Iqbal*, 556 U.S. at 681 (stating conclusory allegations are "not entitled to be assumed true").

*Sinaltrainal v. Coca-Cola*, 578 F.3d 1252, 1260 (11th Cir. 2009), *abrogated on other grounds by Mohamad v. Palestinian Auth.*, 566 U.S. 449, 453 n.2 (2012). The Eleventh Circuit has endorsed a "two-pronged approach" in applying these principles: (1) eliminate any allegations in the complaint that are merely legal conclusions; and (2) where there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *American Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010) (internal quotations omitted).

II. **The Complaint Fails to State any Claim Against Movants Because Conde Nast's Improper "Group Pleading" and "Shotgun Pleading" Make it Impossible for Movants to Determine the Grounds for the Claims Against Them.**

"Although [Rule 8] does not demand that a complaint be a model of clarity or exhaustively present the facts alleged, it requires, at a minimum, that a complaint give each defendant 'fair notice of what the plaintiff's claim is and the ground upon which it rests.' "*Atuahene v. City of Hartford,* 10 Fed.Appx. 33, 34 (2d Cir.2001), cited in *Pierson v. Orlando Reg'l Healthcare Sys., Inc.*, 619 F. Supp. 2d 1260, 1273 (M.D. Fla. 2009), *aff'd,* 451 F. App'x 862 (11th Cir. 2012). In *Atuahene*, the court held that "[b]y lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, [the plaintiff's] complaint failed to satisfy this minimum standard." *Id.* In *Pierson*, the Middle District of Florida required repleader where the plaintiff used a single defined term to refer to numerous individual doctors and business entities, and alleged varying involvement in a complex peer-review process as to the entire group, and such "group pleading" failed to give fair notice of the basis for the claims against each individual defendant. 619 F.Supp.2d at 1271-74.

The Complaint contains numerous "group pleading" allegations which make it impossible for any movant to determine the factual basis of any given count against him or her. Movants cannot possibly identify all the ways in which this form of group pleading makes the allegations confusing, self-contradictory, and impossible to follow as to any single movant, but a few examples will suffice.

First, each count of the Complaint realleges and incorporates by reference the entire first ninety-eight paragraphs of the Complaint, as well as all preceding counts. (Compl. ¶¶ 99, 104, 114, 122, 136, 144, 159, 172, 183, 188). This is a "quintessential shotgun complaint," which "contains several counts, each one incorporating by reference the allegations of its predecessors, leading to

a situation where most of the counts ... contain irrelevant factual allegations and legal conclusions." *Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp.,* 305 F.3d 1293, 1295 (11th Cir.2002). As a result, when ruling on the sufficiency of a claim, a court is faced with the onerous task of sifting out irrelevancies in order to decide which facts are relevant to a particular cause of action asserted. *See Strategic Income,* 305 F.3d at 1295. A complaint must specify the factual allegations relevant to each count. See *Delta Sigma Theta Sorority, Inc. v. Bivins*, No. 2:14-CV-147-FTM-38, 2014 WL 7273913, at *5 (M.D. Fla. Dec. 19, 2014).

Even more confusingly, none of the first eight counts of the Complaint refers to any single Defendant by name, or even as part of a designated sub-group of Defendants: instead, every single allegation of every single one of the first eight counts appears to be directed against every single Defendant, and purports to be based on every single statement in the first ninety-eight paragraphs of the Complaint.

Each and every Defendant is accused of a staggeringly broad and vague array of activities, including, without limitation, using the Vogue Marks in connection with their "online and retail presence and associated goods and services in commerce," (Compl. ¶¶101, 130); causing "products and services to enter interstate commerce [with the Vogue Marks]." (Compl. ¶115). It is impossible to determine the basis for the assertion that the Individual Defendants in their personal capacities or the Ximi Franchisees had an "online…presence," where only the Master Franchisor is alleged to have operated a website. While each and every one of the twenty-three Defendants is accused, "on information and belief," of having "owned and operated" multiple social media accounts. It is simply not facially plausible that four individuals, a Chinese corporation, an American Corporation, and seventeen different LLCs from multiple states all jointly "owned and operated" a single Twitter, Facebook, or Instagram account. "[T]he court need

not accept as true allegations upon information and belief that lack sufficient facts to make the allegations plausible." *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 20-MD-2924, 2021 WL 2865869, at *5 (S.D. Fla. July 8, 2021).

In fact, multiple allegations in the first ninety-eight paragraphs of the Complaint assert implausibly broad allegations "on information and belief" against every single Defendant, undifferentiated. Such allegations include, without limitation, the implausible allegations that the Defendants *all,* including the Ximi Franchisees based outside of Florida and all four Individual Defendants in their personal capacities, "regularly transact business in this District," (including the Ximi Franchisees based in other states) (Compl. ¶6); are "operating, conducting, engaging in or carrying on a business or business venture in Florida and/or maintain their principal business offices in Florida" (Compl. ¶10); "jointly own and/or operate a "fast fashion franchise business" (Compl. ¶32); "own and operate" stores "across the united states," including seven specific stores in four states (Compl. ¶46); "advertise, promote, offer for sale, sell and import unauthorized products." (Compl. ¶56).

Additionally, Counts I, II III, and V of the Complaint assert that each and every Defendant had "knowledge" of Conde Nast's common law and/or registered rights in the VOGUE marks. (Compl. ¶¶103, 112, 120, 142). The only allegations that any Defendant had "knowledge" of Conde Nast's rights are found in Paragraphs 74 through 85 of the Complaint, which allege that (1) the Master Franchisor filed a federal trademark application for the XIMIVOGUE mark, which was refused on the basis of a likelihood of confusion with the Vogue Marks on July 24, 2019; (2) Conde Nast sent a demand letter to XimiVogue USA Franchising, c/o Guerrero, on June 16, 2020, and (3) Conde Nast sent demand letters to some, but not all, of the Ximi Franchisees, and copies of some, but not all, of such letters were sent to Guerrero and Lima, but not the other Individual

Defendants. There are no allegations from which Dalrian, Barkley, or Franchisee Defendants Ximi Florida 001, LLC, Ximi Florida 002, LLC, Ximi Florida 003, LLC, Ximi Florida 004, LLC, and Ximi Florida 005, LLC, none of whom were alleged to have received demand letters, can determine the basis of their alleged "knowledge."

The vague, implausible and over-inclusive allegations of the first ninety-eight paragraphs of the Complaint, followed by ten counts which consist of no more than legal conclusions and bare recitations of the elements of the various claims, are insufficient to give Movants fair notice of the facts upon which the claims against them rest, and therefore fail to state any claims against them as a matter of law.

### III. The Complaint Fails to Allege Any Factual Basis for Any Cause of Action Against the Individual Defendants

Other than conclusions of law and the improper "group allegations" against all Defendants, the factual allegations of the Complaint against the individual defendants are minimal, and are insufficient to form the basis of any of Conde Nast's claims.

The Individual Defendants are alleged only to be residents of Florida (Compl. ¶¶5-14), and managers of XimiVogue USA Franchasing and/or several of the XimiVogue Franchisees (Compl. ¶¶3-15, 48, 49).

The Complaint alleges, vaguely and "on information and belief," that the Individual Defendants "were and are actively and personally involved in the wrongful acts giving rise to this action," "were and are a moving, active, conscious force behind Defendants' infringement of the VOGUE marks," "personally took part in, ratified, and/or directed others to engage in the infringing or wrongful activity," and "knowingly, personally, and actively participated in, authorized, directed, ordered, controlled, participated [sic], approved or ratified Defendants'

8

infringement of the VOGUE marks." (Compl. ¶¶52-55). Guerrero and Lima are alleged to have received copies of certain demand letters addressed to other Defendants. (Compl. ¶82).

These vague and conclusory allegations are wholly insufficient to support the asserted causes of action against the Individual Defendants in their personal capacities. They are a barely-disguised attempt to make the Individual Defendants personally liable for the acts of the LLCs, or their acts in managing the LLCs, in contravention of Florida law. See *Dinuro Invs., LLC v. Camacho*, 141 So. 3d 731, 742 (Fla. Dist. Ct. App. 2014) (Individual members and managers of LLC are shielded from liability for their involvement with the LLC unless the terms of the articles of organization or the operating agreement provide otherwise.); Fla. Stat. Ann. § 605.04093 (West)(A manager "… is not personally liable for monetary damages to …any… person for any statement, vote, decision, or failure to act regarding management or policy decisions by a manager in a manager-managed limited liability company").

To the extent that Plaintiffs rely on the "right and ability to supervise" plus "direct financial interest" test that is applicable in some circuits to the "more expansive doctrine of vicarious liability applicable to copyright violations," that test has been expressly rejected as applied to trademark violations. See *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1280 (S.D. Fla. 2012), citing *Hard Rock Cafe Licensing Corp. v. Concession Servs., Inc.*, 955 F.2d 1143, 1150 (7th Cir. 1992).

### IV. The Complaint Fails to State a Claim for Florida Civil Conspiracy

Count IX of the Complaint purports to allege a "Conspiracy" among all Defendants to "sell goods and services bearing infringing marks in the U.S." This Count fails to state a claim for several reasons.

First, under Florida law, a corporation cannot conspire with its own directors, officers, or employees since the corporation acts through these individuals. *Greenberg v. Mount Sinai Med. Ctr. of Greater Miami, Inc.,* 629 So. 2d 252, 256 (Fla. Dist. Ct. App. 1993), citing *Hackett v. Metropolitan Gen. Hosp.,* 422 So.2d 986, 988 n. 2 (Fla. 2d DCA 1982). An exception exists only "when the individual has an independent personal stake, apart from that of the corporation, in achieving the object of the conspiracy.*Id*. citing *Buckner v. Lower Fla. Keys Hosp. Dist.*, 403 So. 2d 1025, 1029 (Fla. Dist. Ct. App. 1981). To the extent that the Complaint alleges that the Individual Defendants "conspired" with XimiVogue USA Franchising or the Ximi Franchisees of which they were managers, or vice versa, such allegations are insufficient to support a Conspiracy claim.

Additionally, the Complaint fails utterly to allege that any Movant agreed to "any unlawful purpose or act," or assisted in it in any way in doing so. See *Honig v. Kornfeld*, 339 F. Supp. 3d 1323, 1346 (S.D. Fla. 2018). The vague and conclusory allegations that the Movants "conspired together" and "engage[d] in one or more overt acts in furtherance of the conspiracy" are wholly insufficient to state a cause of action, or to apprise Movants of what, if anything, they are alleged to have done.

> "A conspirator need not take part in the planning, inception, or successful conclusion of a conspiracy. The conspirator need only know of the scheme and assist in it in some way to be held responsible for all of the acts of his coconspirators." *Donofrio v. Matassini*, 503 So.2d 1278, 1281 (Fla. 2d DCA 1987).). However, allegations that the co-conspirators were "engaged in the same 'scheme," alone, are insufficient to state a claim for civil conspiracy. *Alhassid v. Bank of Am., N.A.*, 60 F.Supp.3d 1302, 1319 (S.D. Fla. 2014). Indeed, "an allegation of parallel conduct and a bare assertion of conspiracy will not suffice. Without more, parallel conduct does not suggest conspiracy, and a conclusory allegation of agreement at some unidentified point does not supply facts adequate to show illegality." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ).

*Honig*, 339 F. Supp. 3d at 1345–46.

### V. Count X of the Complaint States No Legally Cognizable Claim

Count X of the Complaint appears to be a "catch-all" count designed to hold the Master Franchisor, XimiVogue USA Franchising and the Individual Defendants liable for "contributing" to the alleged state and federal violations enumerated in Counts I through VIII. It is titled "Contributory Trademark Infringement Unfair Competition, False Association and False Designation, Dilution, and Deceptive and Unfair Trade Practices Under the Lanham Act and Florida Statutory and Common Law."

While Contributory Trademark Infringement and Contributory Dilution appear to be legally cognizable claims (see *Luxottica Grp., S.p.A. v. Airport Mini Mall, LLC*, 932 F.3d 1303, 1312 [11th Cir. 2019][Discussing elements of Contributory Trademark Infringement]; *Coach, Inc. v. Swap Shop, Inc.*, 916 F. Supp. 2d 1271, 1280 [S.D. Fla. 2012][Discussing elements of contributory dilution] ), undersigned counsel's research did not reveal any reported case in the State of Florida, any Florida federal court or the Eleventh Circuit Court of Appeals referring to, or discussing the elements of, a "contributory" unfair competition, false association or false designation, or deceptive and unfair trade practices. No Florida state court has recognized "contributory" versions of causes of action for the state law claims asserted in the Complaint.

Contributory Trademark Infringement and Contributory Dilution are two separate causes of action with separate elements, (see *Luxottica Grp.*, 932 F.3d at 312; *Coach*, 916 F. Supp. 2d at 1280), but they are improperly pled as a single cause of action in Conde Nast's Complaint, in violation of the requirement of Fed. R. Civ. P. 10(b) that "each claim founded on a separate transaction or occurrence…must be stated in a separate count." It is impossible to determine from

Count X, as pled, what acts, by whom, are intended to form the basis of any Contributory Trademark Infringement or Contributory Dilution claim. Because Count X fails to give Movants proper notice of the nature or factual basis of the claims against them, it must be dismissed.

## CONCLUSION

For the foregoing reasons, Defendants ALEJANDRO GUERRERO, STEPHENIA LIMA, SHAHPOUR DALIRIAN, YANET BARKLEY, XIMIVOGUE USA FRANCHISING, LLC., XIMI VOGUE FLORIDA, LLC., XIMIVOGUE BAL HARBOUR LLC., XIMIVOGUE BAYSIDE, LLC., XIMIVOGUE PEMBROKE LLC., XIMIVOGUE WESTLAND LLC., XIMI VOGUE PLAZA DEL SOL, LLC., XIMIVOGUE, LLC, XIMIVOGUE FLORIDA BROWARD, LLC., XIMI FLORIDA 001, LLC., XIMI FLORIDA 002, LLC., XIMI FLORIDA 003, LLC., XIMI FLORIDA 004, LLC., XIMI FLORIDA 005, LLC., and XIMI CALIFORNIA 001, LLC. respectfully request that the Complaint be dismissed in its entirety as against them.

## CERTIFICATE OF SERVICE

I HERBY CERTIFY that on January 18, 2022, the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF filing system, which will send notification of such filing to all parties of record.

Respectfully submitted,

/s/ *Ricardo E. Pines, Esq.*
Ricardo E. Pines PA
3301 Ponce de Leon Boulevard
Suite 200
Coral Gables, Florida 33134
(305) 461-5757
Email: pleadings@repinespa.com
Attorney for Individual Defendants and
Ximi Franchisees