**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

Case Number: 21-23322-CIV-MORENO

ADVANCE MAGAZINE PUBLISHERS INC.,
d/b/a CONDÉ NAST,

        Plaintiff,

v.

ZHEJIANG XIBIN IMPORT AND EXPORT CO., LTD., XIMIVOGUE USA FRANCHISING, LLC, XIMI VOGUE FLORIDA, LLC, XIMIVOGUE BAL HARBOUR LLC, XIMIVOGUE BAYSIDE LLC, XIMIVOGUE PEMBROKE LLC, XIMIVOGUE WESTLAND LLC, XIMI VOGUE PLAZA DEL SOL, LLC, XIMIVOGUE LLC, ALEJANDRO GUERRERO, STEPHENIA LIMA, SHAHPOUR DALIRIAN, YANET BARKLEY, XIMI VOGUE FLORIDA BROWARD LLC, XIMI FLORIDA 001 LLC, XIMI FLORIDA 002 LLC, XIMI FLORIDA 003 LLC, XIMI FLORIDA 004 LLC, XIMI FLORIDA 005 LLC, XIMI VOGUE, INC., XIMI CALIFORNIA 001 LLC, KKCUTE INC. (FORMERLY d/b/a XIMIVOGUE CHICAGO INC.), and XIMIVOGUE NORTH CAROLINA, LLC,

        Defendants.
_____/

## [PROPOSED] DEFAULT FINAL JUDGMENT AND PERMANENT INJUNCTION

Before the Court is a Motion for Default Final Judgment and Permanent Injunction (the "Motion") by Plaintiff Advance Magazine Publishers Inc. d/b/a Condé Nast ("Plaintiff") against Defendant KKCute, Inc. (formerly d/b/a Ximivogue Chicago Inc.) ("Defendant").

After considering the Motion, **IT IS ORDERED AND ADJUDGED**:

1. Final default judgment is entered in Plaintiff's favor against Defendant on all counts in the Complaint.

2. Defendant and its officers, directors, agents, servants, employees, and all persons in active concert and participation with them, are required to immediately cease any use and are permanently enjoined from directly or indirectly using Plaintiff's VOGUE Marks, or any other mark, word, designation, name, or domain name that is similar to Plaintiff's VOGUE Marks as part of any trademark, service mark, trade name, corporate name, or assumed name; or on the Internet in any domain name, title, description, keyword, source code, tag, banner, link, and any other use for the purpose of directing Internet traffic; or in social media; or in any other manner in connection with business, products, or services within the United States; or in any other manner that is likely to cause confusion or mistake or to deceive.

3. Defendant is ordered to deliver up for destruction all products, literature, signs, labels, tags, prints, packages, wrappers, containers, fabrics, advertising materials, stationery, and any other items in Defendant's possession or control that bear Plaintiff's VOGUE Marks, or any other mark, word, designation, name, or domain name that is confusingly similar to Plaintiff's VOGUE Marks, and that Defendant be ordered to deliver up for destruction all plates, molds, matrices, masters, and other means of producing or applying the prohibited marks.

4. The Court shall retain jurisdiction over the parties for the purpose of any proceeding to enforce this Final Default Judgment and Permanent Injunction.

5.       This Final Default Judgment and Permanent Injunction is a final judgment and suitable for entry by the Clerk.

**IT IS SO ORDERED** this ___ day of _____ 2022.

_____
Honorable Federico A. Moreno
United States District Judge