**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION**

Case Number: 21-23322-CIV-MORENO

ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a CONDÉ NAST,

        Plaintiff,

v.

ZHEJIANG XIBIN IMPORT AND EXPORT CO.,
LTD., YIWU HONGMI TRADE CO. LTD.,
GUANG ZHOU XIBIN TRADING CO., LTD.,
XIMIVOGUE USA FRANCHISING, LLC, XIMI
VOGUE FLORIDA, LLC, XIMIVOGUE BAL
HARBOUR LLC, XIMIVOGUE BAYSIDE LLC,
XIMIVOGUE PEMBROKE LLC, XIMIVOGUE
WESTLAND LLC, XIMI VOGUE PLAZA DEL
SOL, LLC, XIMIVOGUE LLC, ALEJANDRO
GUERRERO, STEPHENIA LIMA, SHAHPOUR
DALIRIAN, YANET BARKLEY, XIMI VOGUE
FLORIDA BROWARD LLC, XIMI FLORIDA
001 LLC, XIMI FLORIDA 002 LLC, XIMI
FLORIDA 003 LLC, XIMI FLORIDA 004 LLC,
XIMI FLORIDA 005 LLC, XIMI CALIFORNIA
001 LLC, KKCUTE INC. (FORMERLY d/b/a
XIMIVOGUE CHICAGO INC.), and
XIMIVOGUE NORTH CAROLINA, LLC,

        Defendants.
_____/

**ORDER GRANTING JOINT MOTION
AND ENTERING CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION
AS TO XIMIVOGUE, NORTH CAROLINA, LLC**

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Entry of Consent Final Judgment with Permanent Injunctive Relief Requested. (Dkt. 43) In the Joint Motion, the Parties represent that they have reached an agreement to settle the claims between them in this action and agree to the terms of a proposed consent final judgment and permanent. Upon consideration and review of the stipulation of the Parties, and not based on independent

review or findings by the Court other than as to venue and jurisdiction, the Court determines that the Parties' Joint Motion is hereby **GRANTED**.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

1. This Court has jurisdiction over Defendant Ximivogue North Carolina LLC ("Defendant") and over the subject matter at issue in this action.

2. Defendant is a limited liability company, organized and existing under the laws of the State of North Carolina, with a principal business address of 4325 Glenwood Ave, Suite 2085, Raleigh, North Carolina 27612. Defendant's members are Aren Arakelyan, Arthur Baghramyan, and Armen Begoyan, all of whom are residents of the State of California.

3. Plaintiff Advance Magazine Publishers Inc. d/b/a Condé Nast ("Condé Nast") has continuously used in commerce the marks VOGUE, VOGUE.COM, VOGUE RUNWAY, and the stylized mark **VOGUE** (collectively, the "VOGUE Mark") in the United States in connection with its magazine *Vogue* and other goods and services for at least as early as 1892. Condé Nast also uses the VOGUE Mark in connection with its corresponding website, vogue.com.

4. The magazine as well as its corresponding website covers the subject matter of fashion, beauty, culture, living, and runway. In its magazine and website, and through its sponsored events throughout the United States, Condé Nast promotes the goods and services provided directly by Condé Nast and by others under its VOGUE Mark.

5. In addition to the common law rights in its VOGUE Mark, Condé Nast owns a number of federal trademark registrations for its VOGUE Mark in connection with its goods and services, including Registration Nos. 0504006, 0125542, 1336659, 3069976, 2592452, 4138408, 4964884, 5465148, 4964883, 2701928, 5655921, 5413137, 5398198, 5428664, 5645061,

1659761, 5915018, 5069495, 5686488, 5454848, 6131876, 6289836, 6034637, 6173612, 6181442, 6248343, 6324126, 6315601, and 6472359 (the "Registered Marks").

6. Condé Nast has not consented to Defendant's importation or use of Condé Nast's VOGUE Mark on any goods or services that are not genuine goods or services originating from Condé Nast or are not authorized by Condé Nast to be offered in connection with the VOGUE Marks, nor has Condé Nast consented to Defendant's importation or use of any identical or confusingly similar marks.

7. Defendant has agreed not to import or use Condé Nast's VOGUE Mark or confusingly similar marks on goods or services not originating from Condé Nast or authorized by Condé Nast to be offered in connection with the VOGUE Marks, including but not limited to XIMIVOGUE.

8. Defendant and its officers, directors, agents, servants, employees, and all persons in active concert and participation with them, are required to immediately cease any use and are permanently enjoined from using the mark VOGUE, or any other mark that is similar in appearance to Condé Nast's VOGUE Mark as part of any trademark, service mark, trade name, corporate name, or assumed name; or on the Internet in any domain name, title, description, keyword, source code, tag, banner, link, and any other use for the purpose of directing Internet traffic; or in social media; or in any other manner in connection with business, products, or services within the United States.

9. The Court shall retain jurisdiction over the parties for the purpose of any proceeding to enforce this Consent Final Judgment and Permanent Injunction.

10.     This Consent Final Judgment and Permanent Injunction is a final judgment and suitable for entry by the Clerk. All rights to appeal this final judgment on any basis have been expressly waived by the parties.

IT IS SO STIPULATED.

Dated: February 21, 2022                **ADVANCE MAGAZINE PUBLISHERS INC.**
                                        d/b/a CONDÉ NAST

                                        _____
                                        MICHAEL FOLGUN,
                                        ATTORNEY FOR PLAINTIFF

Dated: February 19, 2022                **XIMIVOGUE NORTH CAROLINA LLC**

                                        Aren Arakelyan
                                        Managing Member

**IT IS SO ORDERED** this /9 day of _March_ 2022.

_____
Honorable Federico A. Moreno
United States District Judge

4