UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case Number: 21-23322-CIV-MORENO

ADVANCE MAGAZINE PUBLISHERS INC.
d/b/a CONDÉ NAST,

   Plaintiff,

v.

ZHEJIANG XIBIN IMPORT AND EXPORT
CO., LTD., YIWU HONGMI TRADE CO.
LTD., GUANGZHOU XIBIN TRADING CO.,
LTD., XIMIVOGUE USA FRANCHISING,
LLC, XIMI VOGUE FLORIDA, LLC,
XIMIVOGUE BAL HARBOUR LLC,
XIMIVOGUE BAYSIDE LLC, XIMIVOGUE
PEMBROKE LLC, XIMIVOGUE
WESTLAND LLC, XIMI VOGUE PLAZA
DEL SOL, LLC, XIMIVOGUE LLC,
ALEJANDRO GUERRERO, STEPHENIA
LIMA, SHAHPOUR DALIRIAN, YANET
BARKLEY, XIMI VOGUE FLORIDA
BROWARD LLC, XIMI FLORIDA 001 LLC,
XIMI FLORIDA 002 LLC, XIMI FLORIDA
003 LLC, XIMI FLORIDA 004 LLC, XIMI
FLORIDA 005 LLC, XIMI CALIFORNIA 001
LLC, KKCUTE INC. (FORMERLY d/b/a
XIMIVOGUE CHICAGO INC.), and
XIMIVOGUE NORTH CAROLINA, LLC,

   Defendants.
_____/

## CONSENT FINAL JUDGMENT AND PERMANENT INJUNCTION

Before the Court is a Joint Motion for Consent Final Judgment and Permanent Injunction (the "Motion"). After considering the Motion and the stipulations of the parties thereto, the Court hereby enters the following findings of fact, conclusions of law, and Order:

1. This Court has jurisdiction over Defendants Ximi USA Franchising LLC (f/k/a Ximivogue USA Franchising, LLC), Ximi Florida 010, LLC (f/k/a Ximi Vogue Florida, LLC), Ximi Bal Harbour LLC (f/k/a Ximivogue Bal Harbour LLC), Ximi Bayside LLC (f/k/a Ximivogue Bayside LLC), Ximi Pembroke LLC (f/k/a Ximivogue Pembroke LLC), Ximi Westland LLC (f/k/a Ximivogue Westland LLC), Ximivogue Plaza Del Sol, LLC, Ximi 12 LLC (f/k/a Ximivogue LLC), Ximi Broward LLC (f/k/a Ximivogue Florida Broward, LLC), Ximi Florida 001 LLC, Ximi Florida 002 LLC, Ximi Florida 003 LLC, Ximi Florida 004 LLC, Ximi Florida 005 LLC, Ximi California 001, LLC (collectively, the "Ximivogue Entities"), Alejandro Guerrero, Stephenia Lima, Shahpour Dalirian, and Yanet Barkley (collectively, "Individual Defendants" and together with the Ximivogue Entities, "Defendants") and over the subject matter at issue in this action.

2. As reflected in the Complaint and Amended Complaint filed in the Action (DE 1 & 41, which allegations are incorporated herein) by Plaintiff Advance Magazine Publishers Inc. d/b/a Condé Nast ("Condé Nast"), the Ximivogue Entities are related in that they share some common ownership or control among one or more of the Individual Defendants and other individuals, and are, or have been, parties to a franchise, licensing, or agency relationship with one or more of the other defendants, including but not limited to the Individual Defendants, with the purpose of opening direct-sale stores, selling, and otherwise promoting the XIMIVOGUE brand.

3. Condé Nast has continuously used in commerce the marks VOGUE, VOGUE.COM, VOGUE RUNWAY, and the stylized mark **VOGUE** (collectively, the "VOGUE Mark") in the United States in connection with its magazine *Vogue* and other

goods and services for at least as early as 1892. Condé Nast also uses the VOGUE Mark in connection with its corresponding website, vogue.com.

4. The magazine as well as its corresponding website covers the subject matter of fashion, beauty, culture, living, and runway. In its magazine and website, and through its sponsored events throughout the United States, Condé Nast promotes the goods and services provided directly by Condé Nast and by others under its VOGUE Mark.

5. In addition to the magazine and the website, Condé Nast has expanded its use of the VOGUE Mark to other goods and services, including apparel, mugs, wrapping paper, playing cards, jigsaw puzzles, and other goods.

6. In addition to the common law rights in its VOGUE Mark, Condé Nast owns a number of federal trademark registrations for its VOGUE Mark in connection with its goods and services, including Registration Nos. 0504006, 0125542, 1336659, 3069976, 2592452, 4138408, 4964884, 5465148, 4964883, 2701928, 5655921, 5413137, 5398198, 5428664, 5645061, 1659761, 5915018, 5069495, 5686488, 5454848, 6131876, 6289836, 6034637, 6173612, 6181442, 6248343, 6324126, 6315601, and 6472359 (the "Registered Marks").

7. Defendants acknowledge the validity of the Registered Marks and Condé Nast's ownership of the Registered Marks.

8. Since its first use of the VOGUE Mark, Condé Nast has spent significant time and resources in advertising, developing, and promoting the VOGUE Mark. The VOGUE Mark has become synonymous with the high fashion and haute couture products, apparel, clothing, and services that are contained within the editorial pages and advertisements published in the Vogue Magazine and on the Vogue Website and are otherwise promoted online, through events, contests, licensed merchandise, and gatherings. As a result, millions of consumers throughout the

United States (including consumers in the State of Florida) and worldwide instantly associate high fashion, beauty, and luxury products, fashion, apparel, and accessories with Condé Nast's distinctive and famous VOGUE Mark.

9. The VOGUE Mark is famous in Florida and throughout the United States, and consumers have come to associate the VOGUE Mark as a symbol of Condé Nast's high quality goods and services.

10. Condé Nast has not consented to Defendants' importation or use of Condé Nast's VOGUE Mark on any goods or services that are not genuine goods or services originating from Condé Nast or are not authorized by Condé Nast to be offered in connection with the VOGUE Marks, nor has Condé Nast consented to Defendants' importation or use of any identical or confusingly similar marks.

11. Until recently, Defendants operated various brick and mortar stores in the State of Florida and elsewhere where they were engaged in the sale, offering for sale, distribution, advertising, and promotion of their products and services, including without limitation, "fast fashion" franchise services, brick-and-mortar and online retail services, VOGUE-branded apparel and accessories, jewelry, shoes, beauty and skincare products, paper goods, home goods, consumer goods, and related goods and services.[1]

12. Defendants have ordered, purchased, and/or sold products bearing the mark "XIMIVOGUE" and "XIMI VOGUE" in connection with its retail store services. Defendants purchased or otherwise obtained said products from Defendant Zhejiang Xibin Import and Export Co., Ltd. and Guangzhou Xibin Trading Co. Further, Defendants use, or have used,

---

[1] By a separate sworn declaration, Defendant Alejandro Guerrero declares that none of the XIMIVOGUE Entities are currently a franchisee of Defendant Zhejiang Xibin Import and Export Co., Ltd., and that the XIMIVOUGE Entities have no current affiliation or business relations whatsoever with Defendant Zhejiang Xibin Import and Export Co., Ltd. except perhaps for the purchase of products. However, the products they obtain from this defendant no longer bear the VOGUE Mark or any similar mark.

4

"XIMIVOGUE" and "XIMI VOGUE" in connection with the marketing and advertising of its retail store services via the Internet and print.

13. Defendants' target customers overlap with Condé Nast's target customers.

14. Defendants' services rendered under the terms "XIMIVOGUE" and "XIMI VOGUE" are overlapping and closely related to Condé Nast's goods and services rendered under its VOGUE Mark.

15. Use by Defendants of "XIMIVOGUE" and "XIMI VOGUE" in connection with their stores and services is likely to cause confusion, to cause mistake, or to deceive customers and potential customers as to the source of Defendants' stores and services; as to an affiliation or connection between Condé Nast's goods and services and Defendants' store and services; as to an affiliation or connection between Condé Nast and Defendants' store and services; and/or as to Condé Nast's approval, endorsement, or sponsorship of Defendants' store and services.

16. Use by Defendants of "XIMIVOGUE" and "XIMI VOGUE" in connection with their stores and services is likely to dilute the distinctive quality of the VOGUE Mark, and is likely to injure the business reputation of Condé Nast.

17. The parties have entered into a separate settlement agreement and agree that the Court shall retain jurisdiction to enforce the agreement.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that:

    a. Defendants Ximi USA Franchising LLC (f/k/a Ximivogue USA Franchising, LLC), Ximi Florida 010, LLC (f/k/a Ximi Vogue Florida, LLC), Ximi Bal Harbour LLC (f/k/a Ximivogue Bal Harbour LLC), Ximi Bayside LLC (f/k/a Ximivogue Bayside LLC), Ximi Pembroke LLC (f/k/a Ximivogue Pembroke LLC), Ximi Westland LLC (f/k/a Ximivogue Westland LLC), Ximivogue Plaza Del Sol, LLC, Ximi 12 LLC (f/k/a Ximivogue LLC), Ximi

Broward LLC (f/k/a Ximivogue Florida Broward, LLC), Ximi Florida 001 LLC, Ximi Florida 002 LLC, Ximi Florida 003 LLC, Ximi Florida 004 LLC, Ximi Florida 005 LLC, Ximi California 001, LLC, and each of their officers, directors, agents, servants, employees, and all persons in active concert and participation with them, including without limitation Defendants Alejandro Guerrero, Stephenia Lima, Shahpour Dalirian, and Yanet Barkley, are required to immediately cease any use and are permanently enjoined from using the mark VOGUE, or any other mark that is similar in appearance to Condé Nast's VOGUE Mark as part of any trademark, service mark, trade name, corporate name, or assumed name; or on the Internet in any domain name, title, description, keyword, source code, tag, banner, link, and any other use for the purpose of directing Internet traffic; or in social media; or in any other manner in connection with business, products, or services within the United States.

      b.    The Court shall retain jurisdiction over the parties for the purpose of any proceeding to enforce this Consent Final Judgment and Permanent Injunction and the settlement agreement entered by the parties.

      c.    This Consent Final Judgment and Permanent Injunction is a final judgment and suitable for entry by the Clerk. All rights to appeal this final judgment on any basis have been expressly waived by the parties.

IT IS SO STIPULATED.

Dated: March 15 2022

ADVANCE MAGAZINE PUBLISHERS INC.

By: _MICHAEL KOLCUN_

Title: _PLAINTIFF'S COUNSEL_

6

Dated: March __, 2022          XIMI USA FRANCHISING LLC (F/K/A
                               XIMIVOGUE USA FRANCHISING, LLC)

                               _____

                               By: ALEJANDRO GUERRERO
                               Title: MANAGER


Dated: March __, 2022          XIMI FLORIDA 010, LLC (F/K/A XIMI
                               VOGUE FLORIDA, LLC)

                               _____

                               By: ALESANDRO GUERRERO
                               Title: MANAGER


Dated: March __, 2022          XIMI BAL HARBOUR LLC (F/K/A
                               XIMIVOGUE BAL HARBOUR LLC)

                               _____

                               By: ACESANDRO GUERRERO
                               Title: MANAGER

Dated: March __, 2022        XIMI BAYSIDE LLC (F/K/A XIMIVOGUE
                                                                                                BAYSIDE LLC)

                                                                                                *ALEJANDRO GUERRERO*

                                                                                                By: ALEJANDRO GUERRERO
                                                                                                Title: MANAGER


Dated: March __, 2022        XIMI PEMBROKE LLC (F/K/A XIMIVOGUE
                                                                                               PEMBROKE LLC)

                                                                                                *[signature]*

                                                                                                By: ALEJANDRO GUERRERO
                                                                                                Title: MANAGER


Dated: March __, 2022        XIMI WESTLAND LLC (F/K/A XIMIVOGUE
                                                                                               WESTLAND LLC)

                                                                                                *[signature]*

                                                                                                By: ALEJANDRO GUERRERO
                                                                                                Title: MANAGER

Dated: March __, 2022         XIMIVOGUE PLAZA DEL SOL LLC

_____

By: ALEJANDRO GUERRERO

Title: MANAGER


Dated: March __, 2022         XIMI 12 LLC (F/K/A XIMIVOGUE LLC)

_____

By: ALEJANDRO GUERRERO

Title: MANAGER


Dated: March __, 2022         XIMI BROWARD LLC (F/K/A XIMIVOGUE FLORIDA BROWARD, LLC)

_____

By: Fabiola Nahir

Title: Manager.

9

Dated: February __, 2022          **XIMI FLORIDA 001 LLC**

By: _____ MOISES COHEN _____

Title: _____ MANAGER _____

Dated: February __, 2022          **XIMI FLORIDA 002 LLC**

By: _____ MOISES COHEN _____

Title: _____ MANAGER _____

Dated: February __, 2022          **XIMI FLORIDA 003 LLC**

By: _____ MOISES COHEN _____

Title: _____ MANAGER _____

Dated: February __, 2022          **XIMI FLORIDA 004 LLC**

By: _____ MOISES COHEN _____

Title: _____ MANAGER _____

Dated: February ___, 2022          XIMI FLORIDA 005 LLC

                                   By: _____ MOISES COHE_
                                   Title: _____ MANAGER


Dated: February ___, 2022          XIMI CALIFORNIA 001 LLC

                                   By: _____ MOISES COHEN
                                   Title: _____ MANAGER


Dated: February ___, 2022          ALEJANDRO GUERRERO

                                   _____


Dated: February ___, 2022          STEPHENIA LIMA

                                   _____

11

Dated: February ___, 2022          SHAHPOUR DALIRIAN
                                   _____

Dated: February ___, 2022          YANET BARKLEY
                                   _____


IT IS SO ORDERED this ___ day of _____ 2022.


                                   _____
                                   Honorable Federico A. Moreno
                                   United States District Judge